On Application for Rehearing in Appeal No. 2040076

CRAWLEY, Presiding Judge.
Howell Engineering and Surveying, Inc. (“HES”), seeks a rehearing of our reversal in case no. 2040076 of the trial court’s entry of a judgment on a jury verdict awarding HES damages for the breach by Crown Castle USA, Inc. (“Crown”), of the no-solicitation/no-hire provision in an agreement between the two parties. HES argues in its application for rehearing that the professional engineering standards applicable to Gloria Brown act as a partial restraint on her trade and prohibit her from competing with her employer, HES, and, therefore, should result in a determination that the no-solicitation/no-hire provision in the agreement between Crown and HES was enforceable. However, although Defco, Inc. v. Decatur Cylinder, Inc., 595 So.2d 1329 (Ala.1992), and Dyson Conveyor Maintenance, Inc. v. Young & Vann Supply Co., 529 So.2d 212 (Ala.1988), both explain that provisions like the no-solicitation/no-hire provision in the HE S/Crown agreement have a field of operation when the no-solicitation/no-hire provision supplements a valid employer-employee noncompetition agreement and would not restrain the employee any more than the noncompetition agreement already would, the operative language in *413 those cases require that the affected employee be restrained by a valid noncom-petition agreement with their employer. This requirement arises from § 8-1-1, Ala. Code 1975, which holds all agreements in restraint of trade void except for those enumerated exceptions within the statute, one of which is the employer-employee noncompetition agreement. Regardless of whether Brown complied with the applicable professional engineering standards, she simply was not restrained in any way by a noncompetition agreement executed in connection with her employment with HES.
As a part of this argument, HES argues that § 8-1-1 does not require an actual contract between an employer and an employee but instead indicates that a mere “agreement” would suffice. Even if we were to consider the moonlighting provision in HES’s handbook to constitute an “agreement” that restrained Brown’s trade, it is clear that the provision did not restrain Brown from seeking information from HES’s clients about future employment with them (i.e., soliciting employment) or from leaving HES’s employ to take a position with a client or competing interest. The no-solicitation/no-hire provision in the agreement between HES and Crown addressed either company’s solicitation of or hiring of any person employed by, or who had been employed by, the other company in the previous year. Thus, the no-solicitation/no-hire provision is much broader and adds further restraints on Brown than the purported “agreement” between HES and Brown, in violation of the principle announced in Dyson Conveyor Maintenance and reiterated in Defco, and therefore cannot be upheld.
2040076 — APPLICATION OVERRULED.
PITTMAN and BRYAN, JJ., concur.
THOMPSON and MURDOCK, JJ., dissent, without writing.